```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA       :
                               :
   v.                          :     Criminal No. DKC 08-0485
                               :
RUSSELL LEE                    :
```

**MEMORANDUM OPINION**

Russell Lee was convicted of failing to obey a law enforcement officer and was sentenced to six months probation with conditions on October 6, 2008.[1] He noted an appeal and appears to take issue with credibility findings made by the magistrate judge. Credibility determinations are not subject to review on appeal.

Under MD. CODE ANN. CRIM. LAW § 10-201 (c)(3), "A person may not willfully fail to obey a reasonable and lawful order that a law enforcement officer makes to prevent a disturbance of the public peace." Appellant contends that the only order he failed to obey was "to sit down" and, he believes, an order to sit down could not have been necessary to prevent disturbance of the public peace. He cites to *Okwa v. Harper*, 360 Md. 161 (2000).

In *Okwa*, the court stated:

> When a citizen disobeys a reasonable and lawful request by a police officer "fairly made to prevent a disturbance to the public peace" that citizen has engaged in disorderly conduct. See *Harris v. State*, 237 Md. 299,

---

[1] Appellant was found not guilty of the other citation, disturbing the public peace, under § 10-201(c)(2).

> 303, 206 A.2d 254, 256 (1965). See also *Baynard v. State*, 318 Md. 531, 538, 569 A.2d 652, 655 (1990)(under some circumstances, it is a violation to disobey a police officer's request to leave an area). The police officer's request, however, must be intended to prevent someone from inciting or offending others. It may not be an arbitrary directive. See *Dennis*, 342 Md. at 201, 674 A.2d at 930. In Dennis, we held that a passenger's failure to remain in a car after he was commanded to do so did not pose a sufficient danger of breaching the peace in order to sustain a disorderly conduct conviction. See id. at 203, 674 A.2d at 931. But see *Barnhard v. State*, 325 Md. 602, 616, 602 A.2d 701, 708 (1992)(evidence that a defendant taunted police with obscenities, threatened to kill another officer, and incited a crowd was sufficient to give police probable cause to make an arrest for disorderly conduct).

*Okwa v. Harper*, 360 Md. 161, 185, 757 A.2d 118, 131 (Md. 2000). Thus, it appears that it depends very much on the circumstances as to whether any order is – or is not – arbitrary, and whether the order is designed to prevent disturbance of the public peace.  It simply cannot be said as a matter of law that an order to sit down (assuming that was the only order ignored by Appellant) cannot provide the basis for a disorderly conduct conviction when someone fails to obey.

Moreover, at trial before Judge Day, Sgt. Chaale testified that he is stationed at Andrews Air Force Base.[2]  On March 3, 2008, at about noon, he responded to the Barber Shop.  There, he encountered Mr. Lee, who matched the description of the person who

---

[2] The court listened to the recording of the trial.

prompted the call, standing outside the Barber Shop wearing large black trench coat, with his hands behind his back. Appellant approached the officers, and said that he knew why the officers were there, that "I was arguing with another person inside the Barber Shop." Appellant was very angry and belligerent, and was approaching the officers in a confined space. The officer repeatedly told Appellant to step back and to show his hands, so the officer could make sure that he was not armed. Defendant refused. Because they were in a confined space, Appellant was directed outside the BX. Appellant, who was cursing, still wouldn't show his arms. The officers decided to detain him, and Appellant was still uncooperative. Appellant testified and admitted that he had a serious problem with the barber, but he didn't want to respond to the officer's allegations. Appellant did not recall exactly what the officer said, but he does recall being asked to step back, and said that the officer pushed him back. Appellant took offense. Then he was asked to step outside, and he did. The officer told him to sit down and he refused. Then he was detained, and searched. Appellant said that the only time he disobeyed the officer was when he was told to sit down.

Magistrate Judge Day found Appellant guilty based on his finding that there were three instances when the officer asked Appellant to do things and he refused. The judge accepted the officer's testimony, including that there were heated words. He

also found that, given all of the circumstances, the orders to Appellant were necessary and reasonable to prevent a disturbance to the public peace.  Those findings are not clearly erroneous.

Magistrate Judge Day was aware of, and articulated, all of the elements of the offense, including the requirement that the law enforcement order must be reasonably necessary to prevent a breach of the public peace.  Accordingly, the judgment of the Magistrate Judge IS AFFIRMED.

                                                                   /s/
                                        DEBORAH K. CHASANOW
March 20, 2009                     United States District Judge